UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

TEONA PAGAN,    )
                )   Civil Action No.
       Plaintiff,    )
                )
  - against -    )        **COMPLAINT**
                )
RESEARCH FOUNDATION OF CUNY, CITY    )   JURY TRIAL DEMANDED
UNIVERSITY OF NEW YORK, DEBORAH    )
CHENG, GREGORY STEPHENSON, and    )
ANDREW RICH,    )
                )
       Defendants.    )
_____

Plaintiff TEONA PAGAN, by and through her attorney, KRISTINA S. HEUSER, P.C., hereby complains of the defendants as follows:

## I.  PRELIMINARY STATEMENT

1. Plaintiff TEONA PAGAN ("Teona") was hired to work for the Research Foundation of CUNY right after graduating from the Honors Program at Baruch College. She was the Fellowship and Public Service Program Coordinator, and she loved working with students to assist them in obtaining experience and exposure in their desired professional fields. When Teona had a spiritual awakening and dedicated her life to Jesus Christ, she found her religious convictions at odds with one aspect of her beloved job. Teona went to her employer and sought a reasonable accommodation so that she could maintain her job and livelihood without having to violate the sincerely held dictates of her faith and conscience, as the law allows. Not only was her religious accommodation summarily denied, but Defendants terminated Teona's employment because of her identity as a Christian and her expression of her faith. Teona brings this action against her employer

and the other entity and individuals involved with the violation of her constitutional and statutory rights described herein.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and over the pendent state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(1) and (2) and (c)(2) based upon defendants' place of business and residences, respectively, and the location where the events giving rise to the claim occurred.

## III.     PARTIES

4. Plaintiff TEONA PAGAN was employed by the Research Foundation of the City University of New York. Teona is a Christian, black-Hispanic woman.

5. Defendant RESEARCH FOUNDATION OF THE CITY UNIVERSITY OF NEW YORK (hereinafter referred to as "RFCUNY") "is a private, not-for-profit education corporation that supports CUNY faculty and staff in identifying, obtaining and administering government and private funding." *Batiste v City Univ. of NY*, 2017 U Dist LEXIS 105575, at *2 (SDNY July 7, 2017, No. 16-CV-3358 (VEC)). The offices of RFCUNY are located in the Borough of Manhattan, State of New York.

6. Defendant CITY UNIVERSITY OF NEW YORK (hereinafter referred to as "CUNY") can reasonably be construed as a joint employer[1] with RFCUNY (or, together with RFCUNY, as a single employer[2]) because Teona was assigned to work at City College of

---

[1] "Pursuant to the "joint employer doctrine," an employee may assert Title VII liability against a "constructive employer"—an entity that shares in controlling the terms and conditions of a plaintiff's employment." *Felder v. United States Tennis Assn.*, 27 F.4th 834, 838 (2d Cir. 2022).
[2] "A 'single employer' situation exists 'where two nominally separate entities are actually part of a single integrated enterprise...' ...There is well-established authority under this theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger "single-

New York, which is a senior college in the CUNY system, and was under the direction and supervision of CUNY employees. CUNY is a governmental entity. The principal offices of the City University of New York are located in the Borough of Manhattan, State of New York.

7. Defendant DEBORAH CHENG (hereinafter referred to as "Defendant Cheng") was Teona's immediate supervisor. Defendant Cheng at all relevant times was an employee of CUNY and worked at City College of New York, which is located in the Borough of Manhattan, State of New York. Upon information and belief, Defendant Cheng resides in the City and State of New York.

8. Defendant GREGORY STEPHENSON (hereinafter referred to as "Defendant Stephenson") is the Human Resources Director for RFCUNY. Upon information and belief, Defendant Stephenson resides in the City and State of New York.

9. Defendant ANDREW RICH (hereinafter referred to as "Defendant Rich") at all relevant times was the Dean of the Colin Powell School, which is the division of the City College of New York that Teona was assigned to and worked at during her period of employment with RFCUNY. Upon information and belief, Defendant Rich resides in the City and State of New York.

IV.   **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. Teona was hired by the RFCUNY almost immediately following her graduation from Baruch College, a member school of the CUNY system. Her precise date of hire was November 29, 2021.

---

employer" entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On-Site Sales & Mktg., L.L.C.*, 425 F.3d 193, 198 (2d Cir. 2005).

11. Teona's role with the Research Foundation was Fellowships and Public Service Program Coordinator at the Colin Powell School for Civic and Global Leadership at City College of New York. Teona's job duties included: Serving as the primary recruiter for Colin Powell School fellowship, professional development, and mentoring opportunities that are largely focused on but not limited to public service; Meeting with students one-on-one to discuss opportunities in depth and answer questions; Leading the application review process. Compiling and helping to review applications for various opportunities such as fellowships, the Semester in DC program, and the Student Success Guide Program; and Scheduling and helping to conduct interviews with select applicants to these programs.

12. One such fellowship Teona was charged with recruiting students to is called the Mixner Fellowship. The purpose of this particular fellowship is to place students in internships focused on the promotion of LGBTG rights and causes.

13. In or around April 17, 2022, Teona experienced a religious conversion and committed her life to Jesus Christ and the advancement of biblical values.

14. Teona suddenly found her sincerely held religious beliefs to be in conflict with her the aspect of her job that oversaw this particular fellowship insofar as homosexuality is a sin, and guiding students into supporting and promoting a sinful lifestyle is antithetical to the biblical command that she preach the gospel and advance the Kingdom of God.

15. Based on this, Teona sought a religious accommodation. She did so through the appropriate channels, to wit: on April 27, 2022, Teona had a conversation with her immediate supervisor, Defendant Cheng, wherein she described the conflict she was

experiencing and asked if this one aspect of her job could be assigned to another employee so that she would not be forced to violate her sincerely held religious beliefs.

16. In response, Defendant Cheng told Teona she would need to think about her request and would get back to Teona.

17. The following day, Defendant Cheng requested to have another conversation with Teona. Teona met with Defendant Cheng and reiterated her need for an accommodation because her sincerely held religious beliefs were in conflict with the aspect of her position that required her to place students at internships that promoted and advanced sin in this world.

18. At the conclusion of this meeting, too, Defendant Cheng advised Teona that she would need time to consider Teona's request.

19. Not having received any response from Defendant Cheng, on May 9, 2022, Teona received an email from Human Resources Director Gregory Stephenson. By this email, Defendant. Stephenson directed Teona to submit a written request for accommodation to his office.

20. The following day, Teona submitted that request. Teona's written request for religious accommodation is attached hereto as Exhibit A and incorporated herein by reference.

21. On June 6, 2022, a meeting was held that included Defendant Stephenson, Teona, and Defendant Cheng. During that meeting, Teona was interrogated about her religious beliefs and made to repeat and restate them over and over with specific citations to Scripture.

22. No alternative accommodations were considered or proposed to Teona during that meeting or at any other time.

23. On June 9, 2022, Teona received an official written determination of her request for reasonable accommodation. By that letter signed by Dean Andrew Rich on behalf of RFCUNY, Teona's request for reasonable accommodation was denied with "undue hardship" cited as the basis for the denial. That determination letter is attached hereto as Exhibit B and is incorporated herein by reference.

24. On June 17, 2022, Teona received a notification that she was being place on administrative leave effective immediately. No explanation was given as to why Teona's employer was placing her on forced leave.

25. On June 22, 2022, Teona received written notification that the decision had been made to not renew her contract or, in layman's terms, to terminate her employment.

26. Teona proceeded to file a Charge of Discrimination against her employer, RFCUNY, with the United States Equal Employment Opportunity Commission.

27. In its response to the Charge, RFCUNY made two important representations. First, RFCUNY denied responsibility for the denial of Teona's accommodation request and the adverse employment actions taken against her subsequent thereto, shifting the blame instead to CUNY and persons under CUNY's employ (namely, Defendants Cheng and Rich).

28. Second, RFCUNY admitted that the basis for placing Teona on leave and ultimately terminating her employment was that she quoted scripture during the meeting held in response to her accommodation request and that the scripture states that homosexuality is an abomination and brings about death (paraphrasing).

29. The EEOC issued Plaintiff right-to-sue letters for both charges dated May 31, 2024, which are attached as Exhibits C and D, respectively.

V.     **CAUSES OF ACTION AND CLAIM-SPECIFIC FACTUAL ALLEGATIONS**

AS AND FOR A FIRST CAUSE OF ACTION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §2000e-2
(Failure to Accommodate)
Against Defendants RFCUNY and CUNY

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31. RFCUNY and/or CUNY had an obligation to afford Teona a reasonable accommodation based upon her religious beliefs.

32. RFCUNY and CUNY failed to engage in the required interactive process with Teona or make any effort to arrive at a mutually agreeable accommodation.

33. A reasonable accommodation was possible because Defendant Cheng or another employee could easily have taken on oversight of the Mixner Fellowship, which was a small fraction of Teona's overall duties.

34. The claim of undue hardship by RFCUNY and/or CUNY is disingenuous and unsupported by actual facts as no investigation or inquiry was conducted by Defendants to support such a conclusion.

AS AND FOR A SECOND CAUSE OF ACTION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §2000e-2
(Disparate Treatment on the Basis of Religion)
Against Defendants RFCUNY and CUNY

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

36. RFCUNY and CUNY treated Teona differently from other employees because she was a devout Christian.

37. This disparate treatment on the basis of religion culminated in Defendants taking adverse employment action against Teona and terminating her employment solely because they did not agree with her religious beliefs.

AS AND FOR A THIRD CAUSE OF ACTION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §2000e-2
(Retaliation)
Against Defendants RFCUNY and CUNY

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

39. In retaliation for Teona exercising her right afforded by Title VII to seek a reasonable accommodation in light of the conflict between her sincerely held religious beliefs and some duties of her employment, Defendants placed Teona on administrative leave and terminated her employment.

AS AND FOR A FOURTH CAUSE OF ACTION
CIVIL RIGHTS ACT OF 1871, as amended, 42 U.S.C. §1983
FIRST AMENDMENT RETALIATION
Against Defendant CUNY

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

41. Defendants terminated Teona's employment because of her speech protected by the First Amendment to the United States Constitution, to wit: Teona quoted Holy Scripture that states that homosexual relations is a sin and leads to death.

AS AND FOR AN FIFTH CAUSE OF ACTION
CIVIL RIGHTS ACT OF 1871, as amended, 42 U.S.C. §1983
VIOLATION OF THE FIRST AMENDMENT RIGHT TO FREE EXERCISE OF RELIGION
Against Defendant CUNY

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

43. Teona had the right to live out the dictates of her faith and conscience in her place of public employment.

44. Defendants deprived Teona of her right to free exercise of her faith by requiring her to either relinquish and renounce her beliefs about homosexuality as dictated by the Word of God or lose her employment.

45. When Teona refused to violate the tenets of her faith, CUNY revoked Teona's employment at the public University, deprived her of compensation, and caused her great emotional and reputational harm.

AS AND FOR A SIXTH CAUSE OF ACTION
NEW YORK STATE HUMAN RIGHTS LAW – N.Y. Exec. Law §296(1)
(Discrimination)
Against RFCUNY and Defendant Rich

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

47. The actions of Defendant Rich and RFCUNY in denying Teona's request for reasonable accommodation and then placing Teona on administrative leave and terminating her employment were unlawful discriminatory acts undertaken in violation of the New York State Human Rights Law.

AS AND FOR AN SEVENTH CAUSE OF ACTION
NEW YORK STATE HUMAN RIGHTS LAW – N.Y. Exec. Law §296(1)
(Retaliation)
Against RFCUNY and Defendant Rich

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

49. RFCUNY and/or Defendant Rich terminated Teona's employment in retaliation for her request for religious accommodation, quoting of Scripture in response to questioning

regarding her need for accommodation, and her deeply held religious convictions and identity as a Christian.

50. These actions by RFCUNY and Defendant Rich against Teona on account of her faith were undertaken in violation of the New York State Human Rights Law.

AS AND FOR A EIGHTH CAUSE OF ACTION
NEW YORK STATE HUMAN RIGHTS LAW – N.Y. Exec. Law §296
(Aiding & Abetting)
Against Defendants Cheng, Stephenson, and Rich

51. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

52. Defendants Cheng, Stephenson, and Rich acted both individually and in concert to aid and abet RFCUNY and/or CUNY in denying Teona's request for religious accommodation and then placing her on administrative leave and terminating her employment because of her request, her explanation of her religious convictions espoused in accordance with biblical teaching, and her identity as a Christian.

53. These actions violated the New York State Human Rights Law and caused Teona to suffer financial, emotional, and reputational harm.

AS AND FOR A NINTH CAUSE OF ACTION
NEW YORK CITY HUMAN RIGHTS LAW – NYC Admin. Code §8-107
Against RFCUNY and Defendants Cheng, Stephenson, and Rich

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

55. The actions of Defendants RFCUNY, Cheng, Stephenson, and Rich in summarily denying Teona's request for reasonable accommodation without just cause and then, in retaliation for making such request and quoting the Bible in support of that request and "outing" herself as a Christian in the workplace, said Defendants acted in concert to force

Teona out of the workplace, first only administrative leave and then permanently terminating her employment.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in her favor granting the following relief:

(i) Declaring that the Research Foundation of the City of New York and the City of New York violated Teona Pagan's rights afforded by Title VII of the Civil Rights Act of 1964 and that the City of New York further violated Teona Pagan's First Amendment Rights to Free Speech and Free Exercise of Religion; and

(ii) Backpay in an amount to be determined at trial; and,

(iii) Compensatory and punitive damages in the additional sum of Three Hundred Thousand Dollars ($300,000.00) on the First through Third Causes of Action; and,

(iv) Compensatory and punitive damages in the additional sum of Five Million Dollars ($5,000,000.00) on the Fourth through Ninth Causes of Action; and,

(v) Attorney's fees and costs; and,

(vi) Such other and further relief as this Court may deem just and proper.

Dated: Locust Valley, New York
August 28, 2024

Respectfully Submitted,

KRISTINA S. HEUSER, P.C.

By: _____/S/_____
Kristina S. Heuser, Esq. (KH3612)
Post Office Box 672
Locust Valley, New York 11560
Tel. (516) 676-1565
E-mail kheuser@heuserlawfirm.com