UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEONA PAGAN,

                                        Plaintiff,

                    - against -

RESEARCH FOUNDATION OF THE CITY
UNIVERSITY OF NEW YORK, CITY
UNIVERSITY OF NEW YORK, DEBORAH
CHENG, GREGORY STEPHENSON, AND
ANDREW RICH

                                        Defendants.

24-CV-06500 (RA)

---

## THE CUNY DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
*Attorney for the CUNY Defendants*
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8733

MATTHEW J. LAWSON
Assistant Attorney General
        *Of Counsel*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................................1

STATEMENT OF FACTS ..................................................................................................................2

ARGUMENT.......................................................................................................................................4

I.      THE TITLE VII DISPARATE TREATMENT CLAIM SHOULD
        BE DISMISSED BECAUSE THE COMPLAINT DOES NOT
        RAISE A PLAUSIBLE INFERENCE OF DISCRIMINATION .....................................5

II.     THE TITLE VII RETALIATION CLAIM SHOULD BE DISMISSED
        BECAUSE PLAINTIFF DOES NOT PLAUSIBLY ALLEGE CAUSATION..............8

III.    THE FIRST AMENDMENT RETALIATION AND FREE EXERCISE
        CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT...............................10

IV.     THE NYSHRL DISCRIMINATION CLAIM
        AGAINST ANDREW RICH SHOULD BE DISMISSED..................................11

V.      THE NYSHRL RETALIATION CLAIM SHOULD BE DISMISSED.........................12

VI.     THE AIDING AND ABETTING AND NYCHRL CLAIMS SHOULD BE
        DISMISSED TO THE EXTENT THEY ARE BASED ON PLAINTIFF'S
        ALLEGATIONS OF DISPARATE TREATMENT AND/OR RETALIATION.......14

CONCLUSION....................................................................................................................................15

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*Abramov v. Northwell Health Sys.,*
No. 22-CV-06687, 2024 WL 4276171 (E.D.N.Y. Sept. 24, 2024) ................................5, 6

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................................ 4, 5, 6, 8

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................................4, 5

*Bryan v. City Univ. of New York,*
No. 20-CV-1627, 2020 WL 1434708 (S.D.N.Y. Mar. 23, 2020) .......................................10

*Bueno v. Eurostars Hotel Co., S.L.,*
No. 21-CV-535, 2022 WL 95026 (S.D.N.Y. Jan. 10, 2022) .................................................11

*Bushra v. Main Line Health, Inc.,*
709 F. Supp. 3d 164 (E.D. Pa. 2023) ...............................................................................9

*Cho v. Osaka Zen Spa,*
No. 19-CV-7935, 2024 WL 3360619 (S.D.N.Y. July 10, 2024).........................................11

*Clissuras v. City Univ. of N.Y.,*
359 F.3d 79 (2d Cir. 2004) ..............................................................................................10

*Cruz v. SEIU Loc. 32BJ,*
No. 19-CV-11836, 2021 WL 3604661 (S.D.N.Y. Aug. 12, 2021) .....................................15

*DeWitt v. Lieberman,*
48 F. Supp. 2d 280 (S.D.N.Y. 1999) ..............................................................................14

*Doyle v. Am. Glory Rest. Corp.,*
No. 23-CV-7624, 2024 WL 1466161 (S.D.N.Y. Apr. 4, 2024) .......................................11

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.,*
747 F.3d 145 (2d Cir. 2014) ............................................................................................9

*Drouillard v. Sprint/United Mgmt. Co.,*
375 F. Supp. 3d 245 (E.D.N.Y. 2019) ..............................................................................14

*Edwards v. Sequoia Fund, Inc.,*
938 F.3d 8 (2d Cir. 2019) ................................................................................................4

*Equal Emp. Opportunity Comm'n v. N. Mem'l Health Care,*
908 F.3d 1098 (8th Cir. 2018) ........................................................................................9

*Ervington v. LTD Commodities*, LLC,
   555 F. App'x 615 (7th Cir. 2014) ...........................................................................................7

*Gollomp v. Spitzer*,
   568 F.3d 355 (2d Cir. 2009) ................................................................................................10

*Goonewardena v. New York*,
   475 F. Supp. 2d 310 (S.D.N.Y. 2007) ..................................................................................5

*Jeffrey v. Montefiore Medical Center*,
   No. 11-CV-6400, 2013 WL 5434635 (S.D.N.Y. Sept. 27, 2013) ........................................9

*Karupaiyan v. CVS Health Corp.*,
   No. 19-CV-8814, 2021 WL 4341132 (S.D.N.Y. Sept. 23, 2021) ......................................13

*Kinowski v. Home for Elderly Women of Montgomery Cnty., Inc.*,
   No. 22-CV-1342, 2023 WL 4865531 (N.D.N.Y. July 31, 2023) ......................................12

*Limauro v. Consol. Edison Co. of New York*, Inc.,
   No. 20-CV-03558, 2021 WL 466952 (S.D.N.Y. Feb. 9, 2021) ........................................13

*Mamot v. Bd. of Regents*,
   367 F. App'x 191 (2d Cir. 2010) ........................................................................................10

*Matthews v. Wal-Mart Stores, Inc.*,
   417 F. App'x 552 (7th Cir. 2011) .........................................................................................7

*McMillian v. MTA Metro-N. R.R.*,
   No. 20-CV-01026, 2021 WL 4311318 (S.D.N.Y. Sept. 20, 2021) ...................................15

*Medina v. AAM 15 Mgmt. LLC*,
   No. 21-CV-7492, 2024 WL 4307816 (S.D.N.Y. Sept. 26, 2024) .....................................12

*Mejia v. White Plains Self Storage Corp.*,
   No. 18-CV-12189, 2020 WL 247995 (S.D.N.Y. Jan. 16, 2020) .........................................6

*Ndemenoh v. City Univ. of New York*,
   No. 20-CV-4492, 2020 WL 4547302 5 (S.D.N.Y. Aug. 4, 2020) ....................................10

*Nezaj v. PS450 Bar & Rest.*,
   719 F. Supp. 3d 318 (S.D.N.Y. 2024) ...............................................................................11

*Ninying v. New York City Fire Dep't*,
   807 F. App'x 112 (2d Cir. 2020) .........................................................................................9

*Papasan v. Allain*,
   478 U.S. 265 (1986) ...........................................................................................................10

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ....................................................................................................... 10

*Peterson v. Hewlett-Packard Co.,*
    358 F.3d 599 (9th Cir. 2004) ........................................................................................ 7

*Rightnour v. Tiffany & Co.,*
    354 F. Supp. 3d 511 (S.D.N.Y. 2019) .................................................................... 1, 6, 7

*Samuels v. Urb. Assembly Charter Sch. for Computer Sci.,*
    No. 23-CV-1379, 2024 WL 4008165 (S.D.N.Y. Aug. 30, 2024) ....................................... 13

*Shankar v. Ankura Consulting Grp., LLC,*
    No. 20-CV-07463, 2021 WL 3542803 (S.D.N.Y. Aug. 11, 2021) .................................... 12

*Shultz v. Congregation Shearith Israel of City of N.Y.,*
    867 F.3d 298 (2d Cir. 2017) .................................................................................. 9, 12

*Small v. New York City Dep't of Educ.,*
    650 F. Supp. 3d 89 (S.D.N.Y. 2023) .................................................................... 8, 9, 12

*Soloviev v. Goldstein,*
    104 F. Supp. 3d 232 (E.D.N.Y. 2015) ........................................................................ 14

*Stanley v. ExpressJet Airlines, Inc.,*
    808 F. App'x 351 (6th Cir. 2020) ............................................................................... 9

*Univ. of Tex. Sw. Med. Ctr. v. Nassar,*
    570 U.S. 338 (2013) .................................................................................................. 9

*Vega v. Hempstead Union Free Sch. Dist.,*
    801 F.3d 72 (2d Cir. 2015) ..................................................................................... 5, 6

*Wehrly v. Allstate Ins. Co.,*
    No. CV 5:21-135, 2022 WL 303665 (E.D. Ky. Feb. 1, 2022) ........................................... 8

*Wright* v. *Monroe Cmty. Hosp.,*
    493 F. App'x 233 (2d Cir. 2012) ............................................................................... 13

**New York State Cases**

*Doe v. Bloomberg, L.P.,*
    36 N.Y.3d 450, 167 N.E.3d 454 (2021) ...................................................................... 11

*McKenzie v. Meridian Cap. Grp., LLC,*
    35 A.D.3d 676, 829 N.Y.S.2d 129 (2d Dep't 2006) ....................................................... 13

*Witchard v. Montefiore Med. Ctr.,*
    103 A.D.3d 596, 596, 960 N.Y.S.2d 402, 403–04 (1st Dep't 2013) ................................. 13

**New York Statutes**

N.Y. Exec Law § 296(1)(a) .................................................................................................11

N.Y. Exec Law § 296(1)(e) .................................................................................................13

N.Y. Exec Law § 296(7).......................................................................................................13

**Federal Rules**

Fed. R. Civ. P. 12(b)(1)..........................................................................................................4

Fed. R. Civ. P. 12(b)(6)..........................................................................................................5

Defendants The City University of New York ("CUNY"), Deborah Cheng, and Andrew Rich (collectively, the "CUNY Defendants") by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to dismiss certain claims set forth in the First Amended Complaint filed by Plaintiff Teona Pagan (ECF 10) (the "FAC").

## PRELIMINARY STATEMENT

Plaintiff brings this lawsuit challenging her non-reappointment to her position after she asked to be excused from performing job duties relating to an LGBTQ+ fellowship because, under her Christian religious beliefs, "[i]f a man also lie with mankind . . . both of them have committed an abomination: they shall surely be put to death. . . ."

Many of Plaintiff's claims are legally defective and should be dismissed at this time. For example, Plaintiff fails to state a Title VII disparate treatment claim because the facts alleged do not give rise to a plausible inference of discrimination. Among other things, Plaintiff does not plead any facts suggesting that she was subjected to adverse action because she was a Christian.

Moreover, to the extent Plaintiff claims she was treated differently because of her verbal "expression of faith," her admissions about the content of that "expression" foreclose any recovery under a disparate treatment theory. *See Rightnour v. Tiffany & Co.*, 354 F. Supp. 3d 511, 525 (S.D.N.Y. 2019) (holding, in accord with other jurisdictions, that "it does not constitute discrimination to discipline employees for making offensive comments in the workplace, even when those comments are tied to religion"). Plaintiff has also failed to state a retaliation claim under Title VII because her allegations do not plausibly suggest a causal connection between her alleged protected activity—*i.e.*, her request for an accommodation—and any adverse employment action. Additionally, Plaintiff's First Amendment claims should be dismissed because CUNY is immune to such claims under the Eleventh Amendment.

Certain of Plaintiff's state and city law claims should also be dismissed at this time. For example, Plaintiff fails to state a discrimination claim against Defendant Andrew Rich under the New York State Human Rights Law ("NYSHRL") because Rich was not Plaintiff's "employer." Additionally, Plaintiff's NYSHRL retaliation claim should be dismissed as to all defendants because Plaintiff does not properly allege protected activity. Moreover, to the extent Plaintiff's remaining state and city law claims rely on Plaintiff's defective allegations of disparate treatment and retaliation, those claims should also be dismissed.

The Court should accordingly dismiss certain of Plaintiff's federal, state, and city law claims, as further set forth herein.

## STATEMENT OF FACTS[1]

Plaintiff Teona Pagan is a former employee of the Research Foundation of the City University of New York (the "Research Foundation"). FAC ¶ 4. Between November 2021 and June 2022, Plaintiff worked on the campus of The City College of New York, and specifically, at the Colin Powell School for Civic and Global Leadership (the "Powell School"), as the Fellowships and Public Service Program Coordinator. *Id.* ¶¶ 10-11, 30.

Among other duties, Plaintiff was responsible for recruiting students for the Powell School's fellowships. *Id.* ¶¶ 11-12. One such fellowship was the Mixner Fellowship, which Plaintiff asserts was designed to "place students in internships focused on the promotion of LGBTQ rights and causes." *Id.* ¶ 12.

On or about April 17, 2022, Plaintiff allegedly experienced a sudden religious conversion that caused her to conclude that "homosexuality is a sin"—and that it would therefore be sinful to continue recruiting students for the Mixner Fellowship. *Id.* ¶¶ 13-14. Plaintiff accordingly asked her

---

[1]    As required on this motion, all non-conclusory, well-pleaded allegations in the FAC are presumed true.

supervisor, Defendant Deborah Cheng, whether this "one aspect of her job"—*i.e.*, Plaintiff's work in support of the Mixner fellowship— "could be assigned to another employee."  *Id.* ¶ 15.

Plaintiff thereafter submitted a written request for accommodation that repeated her request to be relieved from her duties relating to the Mixner Fellowship.  *Id.* ¶¶ 19-20; *see also id.* Ex. A (Plaintiff's written request for accommodation form).  The form that Plaintiff filled out instructed her to identify the "[r]eason for [her] request," FAC Ex. A, and Plaintiff stated, in relevant part, as follows:

> Based on my religious beliefs and the Word according to my Lord and Savior Jesus Christ, continuing to participate in a program of this nature would be a sin. The Bible says in Leviticus 20:13, "If a man also lie with mankind, as he lieth with a woman, both of them have committed an abomination: <u>they shall surely be put to death; their blood shall be upon them</u>. . . ."

FAC Ex. A (emphasis added).[2]

On June 9, 2022, Plaintiff attended a meeting about her request for accommodation with Defendant Gregory Stephenson, the Human Resources Director of the Research Foundation, and Defendant Andrew Rich, the Dean of the Powell School.  *Id.*  ¶¶ 21, 8-9.  Toward the end of the meeting, Mr. Stephenson invited Plaintiff to state any "last remarks," and Plaintiff asked whether she could "say a scripture."  *Id.* ¶ 24. Dean Rich assented, and Plaintiff <u>again</u> stated that "[i]f a man also lie with mankind, as he lieth with a woman, both of them have committed an abomination: they shall surely be put to death; their blood shall be upon them. . . ."  *Id.* ¶ 24.  Plaintiff admits that Dean Rich—before whom she made these remarks—is a gay man.  FAC ¶ 9.

Following this meeting, Plaintiff was notified in writing that her request for accommodation was denied on grounds of undue hardship.  *Id.* ¶ 25.  Plaintiff was thereafter placed on

---

[2]    As noted in the FAC, Plaintiff's written accommodation request form (FAC Ex. A) is "incorporated by reference" into the FAC itself.  FAC ¶ 20.

administrative leave, and on June 22, 2022, she received notice that her employment had been terminated. *Id.* ¶¶ 29-30.

On August 28, 2024, Plaintiff filed the instant lawsuit, naming the Research Foundation, CUNY, Ms. Cheng, Mr. Stephenson, and Dean Rich as Defendants. *See* ECF 1. Plaintiff thereafter amended her pleading, filing the FAC on September 12, 2024. ECF 10. The FAC asserts nine separate "Causes of Action." The first two causes of action assert Title VII discrimination claims against the Research Foundation and CUNY under the theories of "Failure to Accommodate" (First Cause of Action) and "Disparate Treatment" (Second Cause of Action). FAC ¶¶ 37-44. Plaintiff's Third Cause of Action asserts a Title VII retaliation claim against these same two defendants. *Id.* ¶¶ 45-46. The Fourth and Fifth Causes of Action assert First Amendment claims against CUNY under 42 U.S.C. § 1983, and the Sixth and Seventh Causes of Action assert claims of discrimination (Sixth Cause of Action) and retaliation (Seventh Cause of Action) against the Research Foundation and Dean Rich under the NYSHRL. FAC ¶¶ 47-57. Finally, the Eighth Cause of Action asserts an aiding and abetting claim against Ms. Cheng, Mr. Stephenson, and Dean Rich under the NYSHRL, and the Ninth Cause of Action asserts an NYCHRL claim against all defendants (except CUNY) that incorporates Plaintiff's allegations of discrimination and retaliation. *Id.* ¶¶ 58-62.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely offers "labels and conclusions" does not satisfy these standards. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, a court is "not required to credit conclusory allegations" on a motion to dismiss. *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019).

Instead, the plaintiff must plead sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss for lack of subject matter jurisdiction, and is thus an appropriate vehicle for seeking dismissal of claims that are barred due to New York State's immunity under the Eleventh Amendment. *See Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007) (Eleventh Amendment immunity is "properly decided under a Rule 12(b)(1) motion").

# I.    THE TITLE VII DISPARATE TREATMENT CLAIM SHOULD BE DISMISSED BECAUSE THE COMPLAINT DOES NOT RAISE A PLAUSIBLE INFERENCE OF DISCRIMINATION

To state a state a claim for disparate treatment based on religion under Title VII, a plaintiff must plausibly allege that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Abramov v. Northwell Health Sys.*, No. 22-CV-06687, 2024 WL 4276171, at *5 (E.D.N.Y. Sept. 24, 2024) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015)). Plaintiff fails to satisfy the fourth element because the FAC does not raise a plausible inference of discrimination.

In an effort to raise such an inference, Plaintiff's pleading sets forth two different theories of discrimination. First, Plaintiff claims that CUNY treated her differently "because she is a devout Christian." FAC ¶ 43; *see also id.* ¶ 1. Second, Plaintiff claims that CUNY treated her differently because of her verbal "expression of faith," and/or her "beliefs," including her quotation of

scripture.  *Id.* ¶¶ 1, 44, 48.  Neither of these allegations is supported by sufficient "factual content" to pass muster under *Iqbal*'s plausibility test.  *See Iqbal*, 556 U.S. at 678.

Plaintiff's first theory—that CUNY discriminated against her because she is a devout Christian—is particularly baseless.  As courts have noted, an inference of discrimination can arise, *inter alia,* from an "employer's criticism of the plaintiff's performance in degrading terms relating to their religion, or its invidious comments about others in the employee's protected group." *Abramov*, 2024 WL 4276171, at *5 (citing *Vega* 801 F.3d at 85-87).  Alternatively, a plaintiff could allege that "a similarly situated employee not in [her] protected group received better treatment."  *Mejia v. White Plains Self Storage Corp.,* No. 18-CV-12189, 2020 WL 247995, at *4 (S.D.N.Y. Jan. 16, 2020).  The FAC does not allege any of these things.  It does not assert that any defendant made degrading comments about Christians, and it does not claim that a similarly-situated CUNY employee who was not a Christian was treated more favorably that Plaintiff.

Plaintiff's second theory—that CUNY treated her differently because of her "expression of faith"—also falls short of *Iqbal's* plausibility standard.  Even if one assumes the truth of Plaintiff's allegation that she was fired <u>because</u> of her comments, her admissions about the <u>content</u> of those comments foreclose any recovery here.  Again, Plaintiff recited a call for the wholesale, violent execution of an entire class of persons, stating, "If a man also lie with mankind as he lieth with a woman, both of them have committed an abomination. <u>They shall surely be put to death: their blood shall be upon them</u>."  FAC ¶ 24 (emphasis added); *see also id.* Ex. A.  As the FAC makes clear, Plaintiff quoted this passage at least twice—first, in the written rationale for her request for accommodation, and then during a meeting with an individual she concedes is a gay man (Dean Rich).  FAC ¶¶ 20, 24 & Ex. A.

This case accordingly falls squarely within the black letter rule set forth in *Rightnour v. Tiffany & Co.*, 354 F. Supp. 3d 511, 525 (S.D.N.Y. 2019), which held, in accord with cases from other

jurisdictions, that "it does not constitute discrimination to discipline employees for making offensive comments in the workplace, even when those comments are tied to religion." *See Rightnour*, 354 F. Supp. 3d at 518-25 (dismissing Title VII and NYCHRL religious discrimination claims where plaintiff had made offensive workplace comments, including telling a Jewish employee that "your people killed Jesus"); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 601-05 (9th Cir. 2004) (affirming dismissal of Title VII religious discrimination claims where employee alleged that he had been disciplined in response to his posting of "scriptural passages" denigrating homosexuality—including the same verse from Leviticus at issue here); *Ervington v. LTD Commodities*, LLC, 555 F. App'x 615, 617-19 (7th Cir. 2014) (affirming dismissal of Title VII religious discrimination claims where plaintiff had handed out "gospel tracts" at the workplace that were "offensive to other employees," including some tracts that "negatively depicted Muslims and Catholics"); *Matthews v. Wal-Mart Stores, Inc.*, 417 F. App'x 552, 553-55 (7th Cir. 2011) (affirming dismissal of Title VII religious discrimination case where plaintiff claimed she had been fired for telling her coworker that "gays will go to hell").

To be sure, the cases cited above arose on summary judgment—and not on a motion to dismiss. But the facts alleged here obviate the need for discovery that might otherwise be required, rendering dismissal appropriate at this time. For example, it is not necessary to seek discovery into the content of Plaintiff's offensive statements, as those statements are directly quoted in Plaintiff's own pleading—and in her written request for accommodation form, which is attached to the FAC and "incorporated [t]herein by reference." FAC ¶¶ 24, 20 & Ex. A.

Additionally, while the defendant in *Rightnour* submitted evidence that the underlying comments were "perceived by management to be offensive," 354 F. Supp. 3d at 525, the submission of such evidence would be entirely superfluous in this case. Plaintiff's comments are <u>inherently</u> offensive given the context alleged here. There is <u>no</u> other plausible way to interpret calls for the wholesale slaughter of an entire class of persons that are made (i) at the workplace; and (ii) in front

7

of an individual who belongs to the class in question.  *See Iqbal*, 556 U.S. at 679 (a court must "draw on its experience and common sense" when assessing plausibility).

Moreover, at least one court <u>has</u> dismissed a Title VII religious discrimination claim resembling the claim here on a motion to dismiss.  *See Wehrly v. Allstate Ins. Co.,* No. CV 5:21-135, 2022 WL 303665, at **1-4 (E.D. Ky. Feb. 1, 2022) (dismissing disparate treatment claims under Title VII and the Kentucky Civil Rights Act), *aff'd on other grounds*, No. 23-5736, 2024 WL 1308245 (6th Cir. Mar. 27, 2024).  In *Wehrly,* the plaintiff alleged, *inter alia,* that he received a poor evaluation after he posted a comment to his employer's internal website setting forth "biblical . . . historical and psychological arguments against homosexuality and gay marriage"—including a citation to scripture. 2022 WL 303665 at **1, 4.  The court held that the plaintiff had failed to meet *Iqbal's* plausibility standard because he had not pleaded sufficient facts to permit the court to infer that his employer discriminated against him because of his Christian faith.  *Id.* at *4.  Among other things, the plaintiff "d[id] not allege that his poor evaluation was *because of* his religion, but rather because of his comments."  *Id.* (italics in original).  The Complaint here also fails to plausibly suggest that Plaintiff was subjected to adverse action <u>because</u> she was a Christian; at most, the non-conclusory allegations suggest that Plaintiff was terminated because of the inherently offensive comments that she had made.  Dismissal is thus appropriate at this time.

## II.    THE TITLE VII RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT PLAUSIBLY ALLEGE CAUSATION

Plaintiff's Third Cause of Action, a retaliation claim under Title VII, asserts that she was placed on administrative leave, and then terminated, because she "exercis[ed] her right . . . to seek reasonable accommodation."  FAC ¶ 46.  This claim fails as a matter of law.

A plaintiff asserting a retaliation claim under Title VII or the NYSHRL must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the

adverse employment action." *Small v. New York City Dep't of Educ.*, 650 F. Supp. 3d 89, 102 (S.D.N.Y. 2023) (quoting *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 309 (2d Cir. 2017)). A plaintiff must also plausibly allege that "h[er] protected activity was the <u>but-for</u> cause of the adverse employment action." *Ninying v. New York City Fire Dep't*, 807 F. App'x 112, 115 (2d Cir. 2020) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)) (emphasis added).

Here, even assuming a request for a religious accommodation constitutes protected activity,[3] the facts alleged do not plausibly suggest that Plaintiff suffered adverse action <u>because</u> she requested an accommodation. Indeed, Plaintiff's sole allegations to that effect are conclusory—and are contradicted by more specific allegations elsewhere in her pleading. For example, Paragraph 44 of the FAC asserts that Plaintiff was terminated "<u>solely</u> because [Defendants] did not agree with her religious beliefs"—and not because she requested an accommodation. FAC ¶ 44 (emphasis added); *see also id.* ¶ 1 (alleging that plaintiff was terminated "because of her identity as a Christian and her expression of faith"—and not because she requested an accommodation); *id.* ¶ 34 (claiming that Plaintiff was placed on leave and terminated because she "quoted scripture during [a] meeting" about her proposed accommodation—and not because she <u>requested</u> that accommodation).

Given these more specific, and contradictory, allegations about why Plaintiff was supposedly terminated, the Court need not credit the conclusory allegation that she was fired because she chose to request an accommodation. *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151–52 (2d Cir. 2014) (general rule that allegations should be accepted as true on a motion to

---

[3]    While courts in this district have held that requesting a religious accommodation is protected activity under Title VII, *see, e.g., Jeffrey v. Montefiore Medical Center*, No. 11-CV-6400, 2013 WL 5434635, at *23 (S.D.N.Y. Sept. 27, 2013), the Second Circuit has not yet ruled on the issue, and other courts have held otherwise. *See, e.g., Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020); *Equal Emp. Opportunity Comm'n v. N. Mem'l Health Care*, 908 F.3d 1098, 1102 (8th Cir. 2018); *Bushra v. Main Line Health, Inc.*, 709 F. Supp. 3d 164, 172-73 (E.D. Pa. 2023). And, as set forth in Point V *infra*, it is clear that a request for accommodation does <u>not</u> constitute protected activity under the NYSHRL, and the rationale for this rule would seem to apply equally in the Title VII context.

dismiss "does not apply" to "general allegations that are contradicted by more specific allegations in the Complaint") (cleaned up). Plaintiff's retaliation claim therefore fails as a matter of law.

## III.    THE FIRST AMENDMENT RETALIATION AND FREE EXERCISE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars federal courts from entertaining suits brought against states and state agencies unless the state consents to be sued, or Congress enacts legislation validly overriding the states' Eleventh Amendment immunity. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity extends to entities considered "arms of the state," such as CUNY. *See Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81-83 (2d Cir. 2004) (holding that CUNY is an arm of the state entitled to Eleventh Amendment immunity).

New York State has never consented to be sued under 42 U.S.C. § 1983, and Congress never abrogated the states' Eleventh Amendment immunity to such claims. *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010). As such, Plaintiff's First Amendment Retaliation claim (Fourth Cause of Action) and her First Amendment Free Exercise claim (Fifth Cause of Action)—both of which are asserted under Section 1983—should be dismissed. *See Clissuras*, 359 F.3d at 81-83 (affirming dismissal of Section 1983 constitutional claims against CUNY on Eleventh Amendment grounds); *Bryan v. City Univ. of N.Y.*, No. 20-CV-1627, 2020 WL 1434708, at *2 (S.D.N.Y. Mar. 23, 2020) ("Under the Eleventh Amendment, CUNY . . . [is] immune from suit in federal court for claims pursuant to § 1983"); *Ndemenoh v. City Univ. of N.Y.*, No. 20-CV-4492, 2020 WL 4547302, at *5 (S.D.N.Y. Aug. 4, 2020) (dismissing Section 1983 claims against CUNY on Eleventh Amendment grounds).

## IV.    THE NYSHRL DISCRIMINATION CLAIM
##    AGAINST ANDREW RICH SHOULD BE DISMISSED

Plaintiff's Sixth Cause of Action, which purports to assert a discrimination claim against

Dean Rich under Section 296(1) of the NYSHRL, fails as a matter of law.  Under the plain language

of that statute, only an "employer" may be sued for discrimination, *see* N.Y. Exec. Law § 296(1)(a),

and Dean Rich was <u>not</u> Plaintiff's employer.  *See Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318,

329 (S.D.N.Y. 2024) ("The NYSHRL provides for liability for discrimination on the part of

employers only.").

Nor are there any circumstances in which Dean Rich could be deemed Plaintiff's "employer"

for the purposes of the NYSHRL.  As the New York Court of Appeals recently clarified in *Doe v.*

*Bloomberg, L.P.*, 36 N.Y.3d 450, 458, 167 N.E.3d 454, 459 (2021),"the State HRL does not render

employees liable as individual employers"—and this principle holds <u>regardless</u> of how highly placed

the employee is in the organization.  *See also Bueno v. Eurostars Hotel Co., S.L.,* No. 21-CV-535, 2022

WL 95026, at *7 (S.D.N.Y. Jan. 10, 2022) (noting that, following *Doe,* a "corporate employee—even

its owner and CEO—no longer qualifies as an 'employer'" under the NYSHRL); *Nezaj,* 719 F. Supp.

3d at 329 (following *Doe,* "where a corporate entity is the plaintiff's employer, an individual affiliated

with the entity cannot himself qualify as the employer").  Accordingly, a plaintiff who wishes to sue

an individual employee for discrimination under the NYSHRL can proceed <u>only</u> under an aiding and

abetting theory.  *Cho v. Osaka Zen Spa*, No. 19-CV-7935, 2024 WL 3360619, at *9 (S.D.N.Y. July 10,

2024); *Nezaj,* 719 F. Supp. 3d at 329-30.

Plaintiff's Sixth Cause of Action, which seeks to hold Dean Rich liable as a primary violator

(and not as an aider-and-abettor), should therefore be dismissed as to Rich.  *See Doyle v. Am. Glory*

*Rest. Corp.*, No. 23-CV-7624, 2024 WL 1466161, at *8 (S.D.N.Y. Apr. 4, 2024) (dismissing NYSHRL

discrimination claim against individual defendant because that defendant "was not [plaintiff's]

employer for purposes of the NYSHRL").

To the extent Plaintiff's Sixth Cause of Action is based on her allegations of disparate treatment, that claim also fails because—as set forth above—Plaintiff's allegations fail to raise a plausible inference of discrimination. *See Shankar v. Ankura Consulting Grp., LLC*, No. 20-CV-07463, 2021 WL 3542803, at *4 (S.D.N.Y. Aug. 11, 2021) (discrimination claims under the NYSHRL must allege that "the adverse action occurred under circumstances giving rise to an inference of discrimination").

## V.    THE NYSHRL RETALIATION CLAIM SHOULD BE DISMISSED

Plaintiff's Seventh Cause of Action should also be dismissed. As noted above, a plaintiff asserting a retaliation claim under the NYSHRL must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Small*, 650 F. Supp. 3d at 102 (quoting *Shultz*, 867 F.3d at 309). Here, Plaintiff fails to allege that she engaged in protected activity, and, as set forth above, she also fails to plausibly allege causation.

The FAC identifies three alleged instances of purported protected activity in connection with the NYSHRL claim: (i) Plaintiff's request for religious accommodation; (ii) her "quoting of Scripture in response to questioning regarding her need for accommodation"; and (iii) "her deeply held religious convictions and identity as a Christian." FAC ¶ 56. None of these allegations identifies any protected activity.

As to the first alleged category, "New York's intermediate appellate courts have long made clear that under the NYSHRL, a request for reasonable accommodation is not a protected activity for purposes of a retaliation claim." *Medina v. AAM 15 Mgmt. LLC*, No. 21-CV-7492, 2024 WL 4307816, at *8 (S.D.N.Y. Sept. 26, 2024) (cleaned up) (collecting state and federal cases); *see also Kinowski v. Home for Elderly Women of Montgomery Cnty., Inc.,* No. 22-CV-1342, 2023 WL 4865531, at *9 (N.D.N.Y. July 31, 2023) ("requesting a religious accommodation is not protected activity under the

NYSHRL"); *Witchard v. Montefiore Med. Ctr.*, 103 A.D.3d 596, 596, 960 N.Y.S.2d 402, 403–04 (1st

Dep't 2013) (a "request for reasonable accommodation is not a protected activity for purposes of a

retaliation claim" under the NYSHRL); *Samuels v. Urb. Assembly Charter Sch. for Computer Sci.*, No. 23-

CV-1379, 2024 WL 4008165, at *11 (S.D.N.Y. Aug. 30, 2024) (Abrams, J.) ("under the NYSHRL, 'a

request for reasonable accommodation is not a protected activity for purposes of a retaliation

claim.'") (quoting *Limauro v. Consol. Edison Co. of New York*, Inc., No. 20-CV-03558, 2021 WL

466952, at *10 (S.D.N.Y. Feb. 9, 2021)).

 The rationale for this rule stems from the plain language of the NYSHRL, which makes it

unlawful to retaliate against a person "because he or she has opposed any practices forbidden under

this article or because he or she has filed a complaint, testified or assisted in any proceeding under

this article." *Medina*, 2024 WL 4307816, at *9 (quoting N.Y. Exec Law § 296(7)); *see also* N.Y. Exec

Law § 296(1)(e) (containing similar language); *Karupaiyan v. CVS Health Corp.*, No. 19-CV-8814, 2021

WL 4341132, at *27 (S.D.N.Y. Sept. 23, 2021) ("'Protected activity' refers to action taken to <u>protest</u>

or <u>oppose</u> statutorily prohibited discrimination.") (emphasis added) (quoting *Wright* v. *Monroe Cmty.*

*Hosp.*, 493 F. App'x 233, 236 (2d Cir. 2012)).  Since a request for accommodation is not

"opposition" to conduct forbidden under the NYSHRL, it does not qualify as protected activity.

*Medina*, 2024 WL 4307816, at *9; *accord McKenzie v. Meridian Cap. Grp., LLC*, 35 A.D.3d 676, 677, 829

N.Y.S.2d 129, 131 (2d Dep't 2006).

 Plaintiff's remaining allegations of protected activity fail for these same reasons. For

example, Plaintiff's recitation of scripture did not "oppose" any practices forbidden by the

NYSHRL; if anything, it <u>promoted</u> forbidden practices by calling for mass discrimination based on

sexual orientation (a protected characteristic under the NYSHRL).  Similarly, Plaintiff's allegation

that she was fired because of "her deeply held religious convictions and identity as a Christian" fails

to identify any complaints or other "opposition" to unlawful activity.  At most, this allegation is

simply a re-packaging of Plaintiff's discrimination claim, as it contends that Plaintiff suffered adverse

action because of a protected characteristic—and <u>not</u> because of any <u>protected activity</u>. *See. e.g.,*

*Drouillard v. Sprint/United Mgmt. Co.*, 375 F. Supp. 3d 245, 270 (E.D.N.Y. 2019) (dismissing retaliation

claim where plaintiff did not allege that adverse action resulted from her protected activity—and

instead "attempt[ed] to repackage her discrimination claim as a retaliation claim"). Accordingly,

Plaintiff's NYSHRL retaliation claim must be dismissed.

## VI. THE AIDING AND ABETTING AND NYCHRL CLAIMS SHOULD BE DISMISSED TO THE EXTENT THEY ARE BASED ON PLAINTIFF'S ALLEGATIONS OF DISPARATE TREATMENT AND/OR RETALIATION

Plaintiff's aiding and abetting claim under the NYSHRL (Eighth Cause of Action) asserts

that Dean Rich, Ms. Cheng, and Mr. Stephenson aided and abetted (i) the alleged disparate treatment

of Plaintiff; (ii) the denial of Plaintiff's request for accommodation; and (iii) the alleged retaliation

against Plaintiff. FAC ¶¶ 58-60. However, as explained in Points I and II, *supra*, Plaintiff's disparate

treatment and retaliation claims under the NYSHRL both fail as matter of law. The failure to

plausibly allege a claim for disparate treatment or retaliation necessarily forecloses any claim that one

or more defendants aided and abetted any such conduct. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232,

253 (E.D.N.Y. 2015) (under the NYSHRL, there is a "a requirement that liability must first be

established as to the employer/principal before accessorial liability can be found as to an alleged

aider and abettor") (citing *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999)). The

Eighth Cause of Action should therefore be dismissed to the extent it is based on Plaintiff's

disparate treatment and/or retaliation allegations.

Plaintiff's NYCHRL claim (Ninth Cause of Action) also seeks to hold the three Individual

Defendants (along with the Research Foundation) liable under the theories of disparate treatment,

failure to accommodate, and retaliation. FAC ¶¶ 61-62. To the extent the NYCHRL claim is based

on the disparate treatment and/or retaliation allegations, it should also be dismissed, as the FAC fails

to raise a plausible inference of discrimination <u>or</u> retaliation.  *See* Points I and II, *supra*; *see also McMillian v. MTA Metro-N. R.R.*, 20-CV-01026, 2021 WL 4311318, at *5 (S.D.N.Y. Sept. 20, 2021) (dismissing NYCHRL discrimination claims where the facts alleged failed to support an inference of discrimination); *Cruz v. SEIU Loc. 32BJ*, No. 19-CV-11836, 2021 WL 3604661, at *6 (S.D.N.Y. Aug. 12, 2021) (dismissing NYCHRL retaliation claim, where, *inter alia*, the complaint did not sufficiently allege causation).

## CONCLUSION

For the foregoing reasons, the Court should:

(1) dismiss the Second, Third, Fourth, Fifth, and Seventh Causes of Action;

(2) dismiss the Sixth Cause of Action as to Defendant Andrew Rich; and

(3) dismiss the Eighth and Ninth Causes of Action to the extent they are based on Plaintiff's allegations of disparate treatment and/or retaliation.

Dated:  New York, New York
        November 8, 2024

LETITIA JAMES
Attorney General
State of New York
*Attorney for the CUNY Defendants*

By:

/s/ Matthew J. Lawson
MATTHEW J. LAWSON
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8733
matthew.lawson@ag.ny.gov